| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Ricky Alan Ransbottom, Jr.** | | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name   Middle Name   Last Name | | |
| Debtor 2 (Spouse, if filing) | **Megan Rene Jeffcoat-Ransbottom** | | |
| | First Name   Middle Name   Last Name | | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | ☐ Pre-confirmation modification |
| | | | ☐ Post-confirmation modification |
| Case number: (If known) | **19-01146** | | |

District of South Carolina

# Chapter 13 Plan

12/17

### Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

 **$409.00**  per **Month** for **60** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**

  *Check all that apply:*

| Debtor | **Ricky Alan Ransbottom, Jr.**  **Megan Rene Jeffcoat-Ransbottom** | Case number | **19-01146** |
|---|---|---|---|

☑ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**    **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2**    **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor **Ricky Alan Ransbottom, Jr.**  Case number **19-01146**
**Megan Rene Jeffcoat-Ransbottom**

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **CAROLINA TITLE LOANS** | $650.00 | 2002 SATURN | $200.00 | $0.00 | $200.00 | 6.00% | $5.00 (or more) |

*Insert additional claims as needed.*

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **CREDIT MANAGEMENT ACCEPTANCE CORP.** | 2012 DODGE CHARGER | $8,368.90 | 6.00% | $162.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4  Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **SECURITY FINANCE** **HOUSEHOLD GOODS: 522(f) VOIDABLE** | $2,000.00 | $0.00 | $1,500.00 S.C. Code Ann. § 15-41-30(A)(3) | $1,500.00 | $0.00 | 100% |

District of South Carolina

Effective December 1, 2017                                Chapter 13 Plan                                Page 3
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| Debtor | **Ricky Alan Ransbottom, Jr.**<br>**Megan Rene Jeffcoat-Ransbottom** | Case number | **19-01146** |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **WORLD FINANCE CORPORATION**<br><br>**HOUSEHOLD GOODS: 522(f) VOIDABLE** | **$1,000.00** | **$0.00** | **$1,500.00**<br>S.C. Code Ann. § 15-41-30(A)(3) | **$1,500.00** | **$0.00** | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

_____ _____ _____ _____ _____ _____ _____ _____

*Insert additional claims as needed.*

### 3.5    Surrender of collateral.

*Check one.*

    ☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

| Debtor | **Ricky Alan Ransbottom, Jr.** | Case number | **19-01146** |
|---|---|---|---|
| | **Megan Rene Jeffcoat-Ransbottom** | | |

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:** **Executory Contracts and Unexpired Leases**

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|

| Debtor | Ricky Alan Ransbottom, Jr. | | Case number | 19-01146 |
| --- | --- | --- | --- | --- |
| | Megan Rene Jeffcoat-Ransbottom | | | |

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
| --- | --- | --- | --- | --- |
| KERSON GOODFREY | | $550.00 | $0.00 | $0.00 |
| | | | | (or more) |

Insert additional claims as needed.

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

☑ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

### Part 9: Signatures:

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | **/s/ Ricky Alan Ransbottom, Jr.** | X | **/s/ Megan Rene Jeffcoat-Ransbottom** |
| --- | --- | --- | --- |
| | **Ricky Alan Ransbottom, Jr.** | | **Megan Rene Jeffcoat-Ransbottom** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on  **March  8, 2019** | | Executed on  **March  8, 2019** |

| X | **/s/ JASON T. MOSS** | Date | **March  8, 2019** |
| --- | --- | --- | --- |
| | **JASON T. MOSS 7240** | | |
| | Signature of Attorney for debtor  DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Ricky Alan Ransbottom, Jr., and**<br>**Megan Rene Jeffcoat-Ransbottom**<br><br>(Set forth here all names including married, maiden, and trade names used by debtor within the last 8 years.)<br><br>DEBTOR(S)<br><br>Address:<br>**252 Oakturn Lane**<br>**Gaston, SC 29053**<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):<br>**6535 & 5729** | CASE NO:<br><br>CHAPTER 13<br><br><br>**CERTIFICATE OF SERVICE** |

  THE UNDERSIGNED HEREBY CERTIFIES THAT HE OR SHE PROPERLY SERVED THE FOREGOING CHAPTER 13 PLAN TO THE TRUSTEE VIA CM/ECF AND CREDITORS ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE VIA FIRST CLASS MAIL, POSTAGE PREPAID ON March 8, 2019.

Date: March 8, 2019                /s/ Jamie A. Weller
                            Bankruptcy Paralegal
                            Moss & Associates, Attorneys, PA
                            816 Elmwood Ave.
                            Columbia, SC 29201

.

AARONS SALES AND LEASE
1015 COBB PLACE BLVD
KENNESAW GA 30144


ALLIED INTERSTATE
PO BOX 361445
COLUMBUS OH 43236


ALLSOUTH FEDERAL CREDIT UNION
730 ELMWOOD AVENUE
COLUMBIA SC 29201


AMCOL SYSTEMS
900 RIVERHILL ROAD
COLUMBIA SC 29210


AMERICAN MEDICAL COLLECTION AGENCY
4 WESTCHESTER PLAZA
SUITE 110
ELMSFORD NY 10523


ATTORNEY GENERAL OF UNITED STATES
950 PENNSYLVANIA AVE, NW
WASHINGTON DC 20530-0001


AUTO MONEY TITLE LOANS
1400 KNOX ABOTT DRIVE
CAYCE SC 29033


BANK OF AMERICA
PO BOX 5170
SIMI VALLEY CA 93062


CAPITAL ONE
1680 CAPITAL ONE DRIVE
WEST MCLEAN VA 22103


CAROLINA TITLE LOANS
1120 KNOX ABBOT DRIVE
CAYCE SC 29033


CREDIT COLLECTION SERVICES
725 CANTON STREET
NORWOOD MA 02062

```
CREDIT MANAGEMENT ACCEPTANCE CORP.
PO BOX 2085
COLUMBIA SC 29202


ENHANCED RECOVERY
PO BOX 57547
JACKSONVILLE FL 32241


FEDERAL STUDENT LOAN SERVICE
PO BOX 69184
HARRISBURG PA 17106


FRANKLIN COLLECTION
2978 W JACKSON ST
TUPELO MS 38801


IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346


KAY JEWELERS
375 GHENT ROAD
AKRON OH 44333


KERSON GOODFREY
433 MILLSTON ROAD
FLORENCE SC 29505


LEXINGTON COUNTY HEALTH SERVICES
4700 FOREST DRIVE
COLUMBIA SC 29206-3119


LEXINGTON COUNTY TREASURER
212 S. LAKE DRIVE
LEXINGTON SC 29072


LEXINGTON MEDICAL CENTER
PO BOX 1409
LEXINGTON SC 29071


NORTH AMERICAN TITLE LOANS
1309 CHARLESTON HIGHWAY
WEST COLUMBIA SC 29169
```

```
PORTFOLIO RECOVERY
120 CORPORATE BLVD
SUITE 100
NORFOLK VA 23502


PORTFOLIO RECOVERY
PO BOX 12914
NORFOLK VA 23541


RADIUS GLOBAL SOLUTIONS
PO BOX 390846
MINNEAPOLIS MN 55439


RECEIVABLE SOLUATIONS
800 DUTCH SQUARE BLD, SUITE 100
COLUMBIA SC 29210


RENT A CENTER
2315 AUGUSTA ROAD
WEST COLUMBIA SC 29169


SC DEPT OF REVENUE
PO BOX 12265
COLUMBIA SC 29211


SCE&G
1400 LADY STREET
COLUMBIA SC 29218


SECURITY FINANCE
609 12TH ST
WEST COLUMBIA SC 29169


SOUTH STATE BANK
PO BOX 100115
COLUMBIA SC 29202


TD BANK
PO BOX 12249
COLUMBIA SC 29221


TITLE MAX
1427 BROAD RIVER ROAD
COLUMBIA SC 29210
```

```
TONTO APACHE DBA COMET LOANS
PO BOX 667
BLANDING UT 84511


US ATTORNEY'S OFFICE
ATTN DOUG BARNETT
1441 MAIN ST STE 500
COLUMBIA SC 29201


US DEPT OF EDUCATION
2505 S FINLEY ROAD
LOMBARD IL 60148-4899


WELLS FARGO CARD SERVICE
PO BOX 14517
DES MOINES IA 50306


WOODFOREST BANK
2401 AUGUSTA ROAD
WEST COLUMBIA SC 29169


WORLD FINANCE CORPORATION
1630 AIRPORT BLVD
WEST COLUMBIA SC 29169


ZOCA LOANS
27565 RESEARCH PARK DRIVE
MISSION SD 57555
```

**Pamela Simmons-Beasley**
Chapter 13 Trustee
250 Berryhill Road, Suite 402
Columbia, South Carolina 29210
(803) 779-5180

**PAYROLL DEDUCTION AUTHORIZATION**

Case Number: 19-01146

I consent to Pamela Simmons-Beasley, the chapter 13 trustee, requesting a payroll deduction order from the Bankruptcy Court so that my bankruptcy plan payments will be drafted from my paycheck(s). I understand that I am ultimately responsible for my bankruptcy plan payments and any shortfall in payments that occurs even if this payroll deduction order is issued. I understand that it is my responsibility to update the Trustee with my employment information, and to contact my employer if my employer is not taking the payments out and/or is not sending the funds to the Trustee.

I consent to the wage order beginning:

☒ immediately; or
☐ if I become 30 days past due in my payments.

Debtor 1: Ricky Alan Ransbottom          Debtor 2: Megan Ransbottom
         Printed Name                              Printed Name
X Ricky Ransbottom                        X Megan Ransbottom
  Signature of Debtor 1                     Signature of Debtor 2
  Date: 3/8/2019                            Date: 3/8/2019

The payroll deduction should take deductions as follows:

☒ Debtor 1   Percentage of plan payment to be deducted: 100%
☐ Debtor 2   Percentage of plan payment to be deducted: ____
☐ Other: ____

| Debtor 1 Employer | Debtor 2 Employer |
|---|---|
| Name: The Marwin Co. | Name: N/A |
| Contact Person/Department: Payroll | Contact Person/Department: |
| Address: PO Box 5979, West Columbia SC 29171 | Address: |